

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

*FILED*

FEB 22 2022

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

1. DONNA HALL, an individual,

      Plaintiff,

v.

1. KIA MOTORS CORPORATION, a/k/a KIA CORPORATION, a South Korean corporation;
2. KIA AMERICA, INC., a California corporation;
3. KIA MOTORS, S.A. DE C.V.; and
4. FERGUSON ADVANTAGE IMPORTS ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a FERGUSON SUPERSTORE, an Oklahoma Limited Liability Company,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

(Removed from the District Court of Creek County–Bristow Division, Oklahoma, formerly Case No. CJ-2021-14)

**22 CV - 080 TCK · SH**

### DEFENDANT KIA AMERICA, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Kia America, Inc. ("Kia America"), hereby removes this action from the District Court of Creek County – Bristow Division, State of Oklahoma, where it was filed as Case No. B-CJ-2021-00014 and styled *Donna Hall v. Kia Motor Corporation, Kia Motors America, Inc., Kia Motors, S.A. DE C.V., and Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore* (the "State Court Lawsuit"), to the United States District Court for the Northern District of Oklahoma. Removal is proper for the following reasons:

1. At the time of filing this action and at the present time, Plaintiff was and is a resident and citizen of the State of Oklahoma. *See* First Amended Petition at ¶ 1.

2. At the time of filing this action and at the present time, and as alleged in Paragraph 4 of Plaintiff's First Amended Petition, Kia America, Inc. ("Kia America"), formerly known as Kia Motors America, Inc., is a California corporation with its principal place of business in California.

*Counter fees pd*

3.     At the time of filing this action and at the present time, Kia Corporation, formerly known as Kia Motors Corporation, is a South Korean corporation with its principal place of business in South Korea.

4.     At the time of filing this action and at the present time, the defendant Plaintiff has named as Kia Motors S.A. De C.V., is a Mexico corporation with its principal place of business in Mexico.

5.     Plaintiff purports to join an additional defendant, Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore ("Ferguson").  The Oklahoma Secretary of State's website shows that Ferguson is an Oklahoma limited liability company, but the citizenship of Ferguson's members is not known to Kia America.  As discussed in Paragraphs 7 through 15 below, however, the citizenship of Ferguson should be disregarded for purposes of diversity jurisdiction and removal because Ferguson has been fraudulently joined to prevent removal.

6.     Plaintiff asserts claims for product liability and negligence in her First Amended Petition and in Paragraphs 45 and 46 of the Petition she expressly claims damages in an amount in excess of that required for diversity jurisdiction pursuant 28 U.S.C. § 1332.  Thus, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## FRAUDULENT JOINDER

7.     Ferguson has been fraudulently joined because there is no reasonable basis to believe the plaintiff might succeed in at least one claim against Ferguson under Oklahoma law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (internal quotation marks omitted); *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (same).

8.      When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for the purposes of analyzing whether diversity jurisdiction exists. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).[1]

9.      A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec. 7, 2021) (*citing Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).

10.     Plaintiff's First Amended Petition alleges products liability and negligence claims against Ferguson in only the most general, conclusory, terms and without any facts to support an independent claim against Ferguson.[2]  Plaintiff does not allege that Ferguson was involved with the design or manufacture of the subject vehicle, and makes no allegations that Ferguson

---

[1] Indeed, as an improperly joined party, Ferguson is not subject to this Court's jurisdiction and Plaintiff's claims against it must be dismissed. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *6 (E.D. Okla. May 1, 2020); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *5 (W.D. Okla. Nov. 18, 2019).

[2] The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and a court "need not accept as true those allegations that are conclusory in nature" *Ashcroft v. Iqbal*, 557 U.S. 662, 678 (2009); *Curl v. Lytal*, 20-CV-032-JFH-JFJ, 2020 WL 8362812, at *1 (N.D. Okla. Dec. 1, 2020) (citing *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

3

performed any maintenance or took any other action with respect to the vehicle. Indeed, Plaintiff's First Amended Petition does not even state that Plaintiff purchased the subject vehicle from Ferguson. The First Amended Petition likewise makes no allegations of any failure to act by Ferguson that is separate and distinct from Plaintiff's claims against the Kia Defendants. (*See* Pet. ¶¶ 28-44).

11.     Pursuant to 76 O.S. § 57.2(E), a products liability action *may not* be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

1.  The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2.  The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3.  The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4.  The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5.  The manufacturer is not subject to service of process under the laws of the state; or

6.  The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

12.     This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a nonmanufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at \*3 (N.D. Okla. Oct. 13, 2015); *see also Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 21, 271 P.3d 88, 96 (stating "[a] product liability action may be based on a theory of negligence liability or strict product liability.")

13.     In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at \*2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to

dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiff here has failed to allege any facts that would place Ferguson's conduct into one of the enumerated exceptions. (*See* Pet. ¶¶ 12-26).

14.     Plaintiff additionally has no possibility of recovery for negligence under 76 O.S. § 57.2(G), which provides that "[a] product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:

1.  The product seller sold the product involved in such action;

2.  The product seller did not exercise reasonable care:

a.  In assembling, inspecting, or maintaining such product, or

b.  In *passing on warnings or instructions from such product's manufacturer* about the dangers and proper use of such product; and

3.  Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

15.     As to section (b) of 76 O.S. § 57.2(G)(2), which reflects the "failure to warn" requirement for negligence, Plaintiff's First Amended Petition alleges only a conclusory statement that Ferguson, along with the other Defendants, was negligent in failing to warn Plaintiff of the dangers of the Kia vehicle. (*See* Pet. ¶¶ 30-31, 41). There is no allegation that Ferguson failed to provide the manufacturer's warnings or instructions as required under section (b) of 76 O.S. § 57.2(G)(2). In fact, Plaintiff alleges that those warnings and instructions were defective from Kia as presented to Ferguson and Plaintiff, demonstrating in the affirmative that Plaintiff received the manufacturer's warnings and instructions from Ferguson. (*See* Pet. ¶¶ 30-31, 41). Therefore, as a matter of law, Plaintiff has no possibility of recovery against Ferguson under 76 O.S. § 57.2(E) and (G), and Ferguson's citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795.

16.     Thus, when Ferguson is properly disregarded, this is the kind of action of which the United States District Courts have original jurisdiction because of diversity of citizenship and sufficiency of the amount in controversy.

17.     Plaintiff filed her original Petition on June 14, 2021 but was unable to serve any of the defendants. Plaintiff filed her First Amended Petition on December 8, 2021. While Kia America reserves its objections as to service, Kia America states that it first received a copy of the operative pleading in this matter on February 3, 2022, via a letter addressed to Kia America's headquarters in California. Upon information and belief, service has not been made on any other defendant named in Plaintiff's First Amended Petition. Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446.

18.     By removing this action, Kia America is not waiving any defenses available to it.

19.     Copies of all process, pleadings and the docket sheet from the state court action are attached hereto as Exhibits 1 - 14.

20.     This Notice of Removal is being served on counsel of record for Plaintiff and the Clerk of the District Court of Creek County-Bristow Division on this date for filing.

WHEREFORE, PREMISES CONSIDERED, Defendant Kia America, Inc., pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes Case No. BCJ-2021-00014, *Donna Hall v. Kia Motor Corporation, Kia Motors America, Inc., Kia Motors, S.A. DE C.V., and Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore*, from the District Court of Creek County–Bristow Division, State of Oklahoma, on this, the 22nd day of February, 2022.

Rodney L. Cook, OBA # 10253
Evan G.E. Vincent, OBA #22325
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
rodney.cook@crowedunlevy.com
evan.vincent@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT KIA AMERICA, INC.**

## CERTIFICATE OF SERVICE

On February 22, 2022, I caused to be emailed and/or mailed, postage prepaid by First Class U.S. Mail, a true and correct copy of the foregoing instrument to:

Michael D. Denton, Jr.
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma 73064
**COUNSEL FOR PLAINTIFF**

Evan G.E. Vincent

4896404



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR CREEK (BRISTOW) COUNTY, OKLAHOMA

**No. CJ-2021-00014**
**(Civil relief more than $10,000: PRODUCTS LIABILITY)**

DONNA HALL V. KIA MOTOR CORPORATION, ET. AL.

Filed: 06/14/2021

Judge: HAKE, KELLY

## PARTIES

KIA MOTOR CORPORATION, Defendant
HALL,  DONNA, Plaintiff
KIA MOTORS AMERICA INC, Defendant
KIA MOTORS S.A. DE C.V., Defendant
FERGUSON ADVANTAGE IMPORTS, Defendant
ISUZU-SUBARU-KIA-SUZUKI LLC, Defendant

## ATTORNEYS

**Attorney**

DENTON, MICHAEL D  JR
925 W STATE HWY 152
MUSTANG , OK 73064

**Represented Parties**

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Monday, February 7, 2022 at 3:00PM | | | |
|   DISPOSITION DOCKET - CIVIL | | | |

## ISSUES

1. PRODUCTS LIABILITY



EXHIBIT
1

# DOCKET

| Date | Code | Description | Party | Count | Amount |
|------|------|-------------|-------|-------|--------|
| 06-14-2021 | [ TEXT ] | | | | $ 163.00 |
| | | FILE & ENTER PETITION | | | |
| | | Document Available (#CC21061700000017) ☐TIFF   ☐PDF | | | |
| | | (Entry with fee only) | | | $ 6.00 |
| | | (Entry with fee only) | | | $ 7.00 |
| | | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | | | $ 25.00 |
| | | LENGTHY TRIAL FUND | | | $ 10.00 |
| | | OK COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| | | 10% OF CASA TO COURT CLERK REVOLVING FUND | | | $ 0.50 |
| | | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| | | 10% OF COJC TO COURT CLERK REVOLVING FUND | | | $ 0.16 |
| | | COURTHOUSE SECURITY FEE | | | $ 10.00 |
| | | 10% OF CHSC TO COURT CLERK REVOLVING FUND | | | $ 1.00 |
| | | STATE JUDICIAL INTERPRETER TRANSLATOR | | | $ 0.45 |
| | | 15% TO DISTRICT COURT REVOLVING FUND | | | $ 2.48 |
| | | COURT CLERK PRESERVATION FUND | | | $ 10.00 |
| 06-14-2021 | [ TEXT ] | | | | $ 10.00 |
| | | SUMMONS ISSUED TO FERGUSON ADVANTAGE IMPORTS | | | |
| | | Document Available (#CC21061700000026) ☐TIFF   ☐PDF | | | |
| | | ISUZU-SUBARU-KIA-SUZUKI, LLC D/B/A FERGUSON SUPERSTORE, | | | |
| | | AN OKLAHOMA LIMITED LIABILITY COMPANY - RETURNED TO | | | |
| | | ATTORNEY FOR SERVICE | | | |
| 06-14-2021 | [ TEXT ] | | | | $ 10.00 |
| | | SUMMONS ISSUED TO KIA MOTORS, S.A. DE C.V. - RETURNED | | | |
| | | Document Available (#CC21061700000028) ☐TIFF   ☐PDF | | | |
| | | TO ATTORNEY FOR SERVICE | | | |
| 06-14-2021 | [ TEXT ] | | | | $ 10.00 |
| | | SUMMONS ISSUED TO KIA MOTOR CORPORATION, A SOUTH KOREAN | | | |
| | | Document Available (#CC21061700000030) ☐TIFF   ☐PDF | | | |
| | | CORPORATION - RETURNED TO ATTORNEY FOR SERVICE | | | |
| 06-14-2021 | [ TEXT ] | | | | $ 10.00 |
| | | SUMMONS ISSUED TO KIA MOTORS AMERICA, INC., A | | | |
| | | Document Available (#CC21061700000032) ☐TIFF   ☐PDF | | | |
| | | CALIFORNIA CORPORATION - RETURNED TO ATTORNEY FOR | | | |
| | | SERVICE | | | |

**12-08-2021** [ TEXT ]

SUMMONS ISSUED- KIA MOTOR CORPORATION- RETURNED TO
Document Available (#CC21120800000007) ☐TIFF  ☐PDF

ATTORNEY FOR SERVICE- NO CHARGE DUE TO NOT BEING ISSUED

IN JUNE

**12-08-2021** [ TEXT ]

SUMMONS ISSUED- KIA MOTOR AMERICAN- RETURNED TO
Document Available (#CC21120800000009) ☐TIFF  ☐PDF

ATTORNEY FOR SERVICE- NO CHARGE DUE TO NOT BEING ISSUED

IN JUNE

**12-08-2021** [ TEXT ]

SUMMONS ISSUED- KIA MORTORS, S.A.- RETURNED TO
Document Available (#CC21120800000011) ☐TIFF  ☐PDF

ATTORNEY FOR SERVICE- NO CHARGE DUE TO NOT BEING ISSUED

IN JUNE

**12-08-2021** [ TEXT ]

SUMMONS ISSUED- FERGUSON ADVANTAGE IMPORTS ISUZU-
Document Available (#CC21120800000013) ☐TIFF  ☐PDF

SUBARU-KIA- SUZUKI, LLC DBA FERGUSON SUPERSTORE-

RETURNED TO ATTORNEY FOR SERVICE- NO CHARGE DUE TO NOT B

BEING ISSUED IN JUNE

**12-08-2021** [ TEXT ]

FIRST AMENDED PETITION
Document Available (#CC21120800000015) ☐TIFF  ☐PDF

**12-08-2021** [ TEXT ]

PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE
Document Available (#CC21120800000024) ☐TIFF  ☐PDF

**12-08-2021** [ TEXT ]

ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR
Document Available (#CC21120800000027) ☐TIFF  ☐PDF

SERVICE -

**02-10-2022** [ TEXT ]

CM:KH:NO CSR:2-7-22 DISPOSITION: STRICKEN
Document Available (#CC22021000000022) ☐TIFF  ☐PDF

**IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
STATE OF OKLAHOMA**

DONNA HALL,                                     )
                                                )
      Plaintiff,                            )
                                                )
vs.                                             )
                                                )
KIA MOTOR CORPORATION,                          )
a South Korean corporation;                     )
KIA MOTORS AMERICA, INC.,                        )
a California corporation;                        )
KIA MOTORS, S.A. DE C.V. and                    )
FERGUSON ADVANTAGE IMPORTS                       )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a               )
FERGUSON SUPERSTORE,                             )
an Oklahoma Limited Liability Company,           )
                                                )
      Defendants.                           )

FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK

JUN 1 4 2021

TIME 1:30 PM
Amanda VanOrsdol, Court Clerk

Case No. CJ -2021-0001A

## PETITION

COMES NOW Donna Hall (hereinafter "Plaintiff"), by and through her attorney of record,
and for her causes of action against Defendants alleges and states as follows:

1. Plaintiff is a resident of the City of Depew, Creek County, State of Oklahoma.

2. The injuries Plaintiff sustained as a result of the product liability of the Defendants
   occurred in Creek County, Oklahoma on June 18, 2019.

3. Upon information and belief, Defendant Kia Motor Corporation (hereinafter
   "Defendant KMC") is a corporation formed and existing in South Korea which
   advertises its goods for sale and/or causes its goods to be advertised for sale and
   engages in continuous and systematic business activities in Creek County, State of
   Oklahoma.

4. Upon information and belief, Defendant Kia Motors America, Inc. (hereinafter
   "Defendant KMA") is a California corporation which advertises its goods for sale



EXHIBIT
2

and/or causes its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma.

5. Upon information and belief, Defendant Kia Motors S.A. De C.V. (hereinafter "Defendant KMMX") is a Mexico corporation formed and existing in Pesqueria, located in the state of Nuevo Leon, Mexico which produces automobile and automobile parts, advertises its goods for sale and/or causes its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma.

6. Upon information and belief, Defendant Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, L.L.C. d/b/a Ferguson Superstore (hereinafter "Defendant Ferguson") is an Oklahoma limited liability company which advertises its goods for sale and/or causes and requires its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma.

7. This Court has personal jurisdiction over the parties as Plaintiff resides in Creek County, Oklahoma and all Defendants deliberately engage in continuous and systematic activities in the state of Oklahoma and enjoy the benefits and protections of the laws of Oklahoma in Creek County, including the enforcement of contracts, the defense of property and intellectual property rights, and other benefits which permit the establishment and maintenance and increase of effective markets within which Defendants can sell their products and grow their business and profit therefrom. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028-1029, 209 L. Ed. 2d 225 (2021). Further, this State and County have a substantial and significant interest in providing its citizens, residents and those passing through with a convenient

forum within which to address their grievances and seek redress for harms caused by out-of-state actors such as Defendants. Additionally, this State and County have an overriding interest in enforcing their own safety regulations and laws, including, but not limited to, product liability law. *Id.* at 1030.

8. Each of the Defendants herein participated, collaborated and in concert with one another caused the release into the stream of commerce, for profit to each of the Defendants, the 2019 Kia Forte VIN 3KPF34AD4KE013564 (hereinafter "Kia") with defects unreasonably dangerous beyond the contemplation of ordinary consumers as to its manufacture and design.

9. The above-described efforts by the Defendants create a joint venture and make each Defendant liable and/or responsible for the acts and omissions of the other Defendants.

10. This Court has subject matter jurisdiction over the issues herein.

11. Venue is proper with this Court pursuant to OKLA. STAT. tit. 12, § 141(2).

12. On June 18, 2019, Plaintiff was caring for her granddaughters. Her granddaughters wanted to go swimming at Plaintiff's niece's (Diamond) house down the road, so Plaintiff gathered up sunscreen and other items for the swimming trip and then drove her Kia to her niece's house in Depew, Creek County, Oklahoma while her granddaughters walked ahead of her.

13. When Plaintiff arrived, she parked the Kia at a slightly uphill angle.

14. Plaintiff's granddaughters were shouting and cavorting about calling for Plaintiff to join them, so Plaintiff hurried out of the Kia and told her granddaughters she would be right there but had to go into the house first.

15. When Plaintiff exited the Kia, she inadvertently left the Kia running and in "Drive".

16. When Plaintiff exited the Kia, there was no audible warning to caution her or any other occupant that the Kia was running and was still in "Drive" or that any door had been opened.

17. When Plaintiff exited the Kia there was no automatic parking brake that would apply to ensure that whoever was exiting the Kia while it was in gear would not get run over and hurt by the Kia.

18. After Plaintiff went into the house to check in with Diamond and others, she came back out the front and began to walk to the pool.

19. Plaintiff then realized that she had left the sunscreen in the Kia, so she walked to the driver's side door and opened the door.

20. When Plaintiff leaned in the door to grab the sunscreen, without sitting down in the driver's seat, Plaintiff realized from the cold air blowing that she had left the Kia running.

21. At this time, there was still no audible warning to Plaintiff that the Kia was in gear ("Drive") and/or was running with a door open.

22. Plaintiff then grasped the ignition key and turned the Kia off, unaware that the Kia was still in "Drive".

23. Without warning the Kia began to roll backwards (downhill) instantly, pinning Plaintiff with the open driver's side door against the frame and door opening of the Kia.

24. Plaintiff attempted to escape from the Kia as it rolled backwards, but ultimately was knocked to the ground by the accelerating car.

25. The Kia rolled over Plaintiff, causing serious, life altering injuries for which Plaintiff was air-flighted to a hospital in Tulsa, Oklahoma.

26. Plaintiff suffered bodily injury, endured pain and suffering and had to undergo medical treatment and care due to this incident.

## FIRST CAUSE OF ACTION:

### Product Liability against all Defendants

27. Plaintiff incorporates all previous allegations herein as if fully set forth.

28. Plaintiff continues to suffer from injury, pain and suffering and has had her life forever altered by the Kia and its defective design and lack of adequate warnings of dangerous conditions that Defendants know, or should have known, are foreseeable with the Kia.

29. Plaintiff's injuries and losses are the direct and proximate result of the strict product liability of the Defendants for the inadequate and absent warnings as well as the design and manufacture of the Kia with numerous defects.

30. All Defendants, particularly Defendant Ferguson, failed to warn Plaintiff of the dangers of the Kia, which create strict liability for all Defendants, including Defendant Ferguson, under Oklahoma's product liability law.

31. What warnings were given to Defendants, including Defendant Ferguson, were inadequate to place consumers on notice of the unreasonably dangerous conditions described herein.

32. The Kia Defendants, each of them, owed a duty to Plaintiff and others to design and manufacture the Kia in such a way to not be defective and unreasonably dangerous and avoid any unreasonably dangerous conditions caused by defective design and manufacture.

33. The Kia Defendants, each of them, owed a duty to Plaintiff and others to test their vehicles against foreseeable conditions in which the vehicles would be operated so as

to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, prior to the sale, at the time of the sale and post-sale.

34. The dangerous conditions and defective designs and lack of warnings existed at the time the Kia left the control of each Defendant, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

35. Plaintiff was unaware of the defective and unreasonably dangerous condition the Kia posed and did not appreciate the danger created by the Kia. The ordinary user or consumer would not realize the defective condition, lack of warnings and the unreasonable nature of the Kia.

36. The defects in the Kia were not apparent to Plaintiff and would not have been apparent to an ordinary user such as Plaintiff.

37. The dangerous conditions and defective designs and lack of warnings existed at the time the Kia left the control of each Defendant, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

38. Plaintiff was unaware of the defective and unreasonably dangerous condition the Kia posed and did not appreciate the danger created by the Kia. The ordinary user or consumer would not realize the defective condition, lack of warnings and the unreasonable nature of the Kia.

39. The defects in the Kia were not apparent to Plaintiff and would not have been apparent to an ordinary user such as Plaintiff.

## SECOND CAUSE OF ACTION:

### Negligence against all Defendants

40. Plaintiff incorporates all previous allegations herein as if fully set forth.

41. All Defendants, particularly Defendant Ferguson, owed a duty of reasonable and ordinary care to Plaintiff and others to warn of the dangers of the Kia, and all Defendants, particularly Defendant Ferguson, breached their duty to warn Plaintiff of the dangers of the Kia, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

42. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiff and others to design and manufacture the Kia in such a way to not be defective and unreasonably dangerous and avoid any unreasonably dangerous conditions caused by defective design and manufacture, and all the Kia Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

43. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiffs and others to test their vehicles against foreseeable conditions in which the vehicles would be operated so as to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, and all the Kia Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

44. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiffs and others to be familiar with and integrate state of the art technology and design features to prevent injuries in foreseeable conditions in which the vehicles

would be operated so as to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, and all the Kia Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

45. Plaintiff demands judgment against all Defendants for actual damages, all in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

46. Plaintiff further prays the jury, upon hearing all the evidence adduced and admitted at trial, award punitive damages against all Defendants for acting in reckless disregard of the rights of others and/or acting intentionally and with malice towards others, including Plaintiff, in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**WHEREFORE**, premises considered, Plaintiff demands judgment against all Defendants for actual damages in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, as well as punitive damages against all Defendants in an amount in excess that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with court costs, expenses, attorney fees and other such relief as may be equitable and just.

Respectfully submitted,

Michael D. Denton, Jr. OBA# 13939
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma 73064
Telephone:    (405) 376-2212

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Facsimile:     (405) 376-2262
*michael@dentonlawfirm.com*
ATTORNEY FOR PLAINTIFF

S:\Denel Folder\2018,809 Personal Injury - Products Liability\3808,877 Hall, Donna\Pleadings\Draft\2021-06-45 - Petition.docx



## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                              )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )          Case No. BCJ -2021-00014
                                         )
KIA MOTOR CORPORATION,                   )
a South Korean corporation;              )
KIA MOTORS AMERICA, INC.,                )
a California corporation;                )
KIA MOTORS, S.A. DE C.V. and             )
FERGUSON ADVANTAGE IMPORTS               )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a       )
FERGUSON SUPERSTORE,                     )
an Oklahoma Limited Liability Company,   )
                                         )
          Defendants.                    )

### SUMMONS

**TO:   FERGUSON ADVANTAGE IMPORTS
        ISUZU-SUBARU-KIA-SUZUKI, LLC
        d/b/a FERGUSON SUPERSTORE, an
        Oklahoma Limited Liability Company**

        **YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a
written answer to the attached Petition in the Court at the above address within twenty (20) days
after service of this Summons upon you, exclusive of the date of service.   Within the same time,
a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

            Michael D. Denton, Jr., Esq.
            DENTON LAW FIRM
            925 West State Highway 152
            Mustang, Oklahoma 73064
            Telephone:    (405) 376-2212
            Facsimile:    (405) 376-2262
            *michael@dentonlawfirm.com*

        Unless you answer the Petition within the time stated, judgment will be rendered against
you, together with costs of the action.

        **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD
BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN
THE TIME LIMITS STATED IN THIS SUMMONS.**

                        *Page 1 of 2*

**EXHIBIT**

**3**

Issued on _____, 2021.          AMANDA VANORSDOL, COURT CLERK

(SEAL)                                     By:_____
                                               Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

L C

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                                    )
                                               )
          Plaintiff,                           )
                                               )
vs.                                            )          Case No. BCJ -2021-00014
                                               )
KIA MOTOR CORPORATION,                         )
a South Korean corporation;                    )
KIA MOTORS AMERICA, INC.,                      )
a California corporation;                      )
KIA MOTORS, S.A. DE C.V. and                   )
FERGUSON ADVANTAGE IMPORTS                     )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a             )
FERGUSON SUPERSTORE,                           )
an Oklahoma Limited Liability Company,         )
                                               )
          Defendants.                          )

## SUMMONS

**TO:   KIA MOTORS, S.A. DE C.V.**

      **YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service.   Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

               Michael D. Denton, Jr., Esq.
               DENTON LAW FIRM
               925 West State Highway 152
               Mustang, Oklahoma 73064
               Telephone:    (405) 376-2212
               Facsimile:     (405) 376-2262
               *michael@dentonlawfirm.com*

      Unless you answer the Petition within the time stated, judgment will be rendered against you, together with costs of the action.

      **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*



EXHIBIT

4

Issued on _____, 2021.          AMANDA VANORSDOL, COURT CLERK

(SEAL)                                      By:_____
                                                        Deputy Court Clerk

This Summons was served _____


                                            _____
                                            (Person serving Summons)

**IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION**
**STATE OF OKLAHOMA**

| | |
|---|---|
| DONNA HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. _BCJ_ _-2021_-0001 4 |
| | ) |
| KIA MOTOR CORPORATION, | ) |
| a South Korean corporation; | ) |
| KIA MOTORS AMERICA, INC., | ) |
| a California corporation; | ) |
| KIA MOTORS, S.A. DE C.V. and | ) |
| FERGUSON ADVANTAGE IMPORTS | ) |
| ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a | ) |
| FERGUSON SUPERSTORE, | ) |
| an Oklahoma Limited Liability Company, | ) |
| | ) |
| Defendants. | ) |

## SUMMONS

**TO:   KIA MOTOR CORPORATION,**
         **a South Korean corporation**

   **YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service.   Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

> Michael D. Denton, Jr., Esq.
> DENTON LAW FIRM
> 925 West State Highway 152
> Mustang, Oklahoma 73064
> Telephone:   (405) 376-2212
> Facsimile:   (405) 376-2262
> *michael@dentonlawfirm.com*

   Unless you answer the Petition within the time stated, judgment will be rendered against you, together with costs of the action.

   **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*

**EXHIBIT**

**5**

Issued on _____, 2021.          AMANDA VANORSDOL, COURT CLERK

(SEAL)                                     By:_____
                                                 Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

*Page 2 of 2*

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                                      )
                                                 )
                    Plaintiff,                   )
                                                 )
vs.                                              )        Case No. BCJ - 2021 - 00014
                                                 )
KIA MOTOR CORPORATION,                           )
a South Korean corporation;                      )
KIA MOTORS AMERICA, INC.,                         )
a California corporation;                        )
KIA MOTORS, S.A. DE C.V. and                     )
FERGUSON ADVANTAGE IMPORTS                        )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a               )
FERGUSON SUPERSTORE,                             )
an Oklahoma Limited Liability Company,           )
                                                 )
                    Defendants.                  )

### SUMMONS

**TO:   KIA MOTORS AMERICA, INC.,**
**a California corporation**

**YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service.   Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

> Michael D. Denton, Jr., Esq.
> DENTON LAW FIRM
> 925 West State Highway 152
> Mustang, Oklahoma 73064
> Telephone:     (405) 376-2212
> Facsimile:     (405) 376-2262
> *michael@dentonlawfirm.com*

Unless you answer the Petition within the time stated, judgment will be rendered against you, together with costs of the action.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*



EXHIBIT

6

Issued on _____, 2021.          AMANDA VANORSDOL, COURT CLERK

(SEAL)                                     By:_____
                                               Deputy Court Clerk

This Summons was served _____


                                          _____
                                          (Person serving Summons)


*Page 2 of 2*

*return original to clerk*

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                                    )
                                               )
                    Plaintiff,                 )
                                               )
vs.                                            )        Case No. CJ -2021-00014
                                               )
KIA MOTOR CORPORATION,                         )
a South Korean corporation;                    )
KIA MOTORS AMERICA, INC.,                      )
a California corporation;                      )
KIA MOTORS, S.A. DE C.V. and                   )
FERGUSON ADVANTAGE IMPORTS                     )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a             )
FERGUSON SUPERSTORE,                           )
an Oklahoma Limited Liability Company,         )
                                               )
                    Defendants.                )

### SUMMONS

**TO:   KIA MOTOR CORPORATION,**
         **a South Korean corporation**

**YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a
written answer to the attached Petition in the Court at the above address within twenty (20) days
after service of this Summons upon you, exclusive of the date of service.   Within the same time,
a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

> Michael D. Denton, Jr., Esq.
> DENTON LAW FIRM
> 925 West State Highway 152
> Mustang, Oklahoma 73064
> Telephone:    (405) 376-2212
> Facsimile:    (405) 376-2262
> *michael@dentonlawfirm.com*

Unless you answer the Petition within the time stated, judgment will be rendered against
you, together with costs of the action.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD
BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN
THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*

RECEIVED
BY:_____

EXHIBIT
7

Issued on December 8, 2021.

(SEAL)

AMANDA VANORSDOL, COURT CLERK

By: _____
Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
STATE OF OKLAHOMA

DONNA HALL,                                      )
                                                 )
            Plaintiff,                           )
                                                 )
vs.                                              )     Case No. BCJ - 2021 - 00014
                                                 )
KIA MOTOR CORPORATION,                           )
a South Korean corporation;                      )
KIA MOTORS AMERICA, INC.,                        )
a California corporation;                        )
KIA MOTORS, S.A. DE C.V. and                     )
FERGUSON ADVANTAGE IMPORTS                       )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a               )
FERGUSON SUPERSTORE,                             )
an Oklahoma Limited Liability Company,           )
                                                 )
            Defendants.                          )

## SUMMONS

TO:   KIA MOTORS AMERICA, INC.,
      a California corporation

      **YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a
written answer to the attached Petition in the Court at the above address within twenty (20) days
after service of this Summons upon you, exclusive of the date of service.   Within the same time,
a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

            Michael D. Denton, Jr., Esq.
            DENTON LAW FIRM
            925 West State Highway 152
            Mustang, Oklahoma 73064
            Telephone:    (405) 376-2212
            Facsimile:    (405) 376-2262
            *michael@dentonlawfirm.com*

      Unless you answer the Petition within the time stated, judgment will be rendered against
you, together with costs of the action.

      **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER
CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD
BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN
THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*



EXHIBIT
8

Issued on _December 8_, 2021.

(SEAL)

AMANDA VANORSDOL, COURT CLERK

By: _[signature]_ _____

Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

Return original to court

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                                )
                                           )
            Plaintiff,                     )
                                           )
vs.                                        )        Case No. BCJ - 2021 - 00014
                                           )
KIA MOTOR CORPORATION,                     )
a South Korean corporation;                )
KIA MOTORS AMERICA, INC.,                  )
a California corporation;                  )
KIA MOTORS, S.A. DE C.V. and               )
FERGUSON ADVANTAGE IMPORTS                 )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a         )
FERGUSON SUPERSTORE,                       )
an Oklahoma Limited Liability Company,     )
                                           )
            Defendants.                    )

### SUMMONS

**TO:   KIA MOTORS, S.A. DE C.V.**

YOU HAVE BEEN SUED by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service.   Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

> Michael D. Denton, Jr., Esq.
> DENTON LAW FIRM
> 925 West State Highway 152
> Mustang, Oklahoma 73064
> Telephone:     (405) 376-2212
> Facsimile:     (405) 376-2262
> *michael@dentonlawfirm.com*

Unless you answer the Petition within the time stated, judgment will be rendered against you, together with costs of the action.

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITS STATED IN THIS SUMMONS.



*Page 1 of 2*



EXHIBIT

9

Issued on _December 8_ , 2021.

(SEAL)

AMANDA VANORSDOL, COURT CLERK

By: _Marcia Gill_

Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

_Page 2 of 2_

# IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| DONNA HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. BCJ  -2021-00014 |
| | ) | |
| KIA MOTOR CORPORATION, | ) | |
| a South Korean corporation; | ) | |
| KIA MOTORS AMERICA, INC., | ) | |
| a California corporation; | ) | |
| KIA MOTORS, S.A. DE C.V. and | ) | |
| FERGUSON ADVANTAGE IMPORTS | ) | |
| ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a | ) | |
| FERGUSON SUPERSTORE, | ) | |
| an Oklahoma Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO:   **FERGUSON ADVANTAGE IMPORTS**
**ISUZU-SUBARU-KIA-SUZUKI, LLC**
**d/b/a FERGUSON SUPERSTORE, an**
**Oklahoma Limited Liability Company**

**YOU HAVE BEEN SUED** by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service.   Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff:

> Michael D. Denton, Jr., Esq.
> DENTON LAW FIRM
> 925 West State Highway 152
> Mustang, Oklahoma 73064
> Telephone:      (405) 376-2212
> Facsimile:      (405) 376-2262
> *michael@dentonlawfirm.com*

Unless you answer the Petition within the time stated, judgment will be rendered against you, together with costs of the action.

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.   SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITS STATED IN THIS SUMMONS.**

*Page 1 of 2*

EXHIBIT

*10*

Issued on December 8, 2021.

(SEAL)

AMANDA VANORSDOL, COURT CLERK

By: _____

Deputy Court Clerk

This Summons was served _____

_____

(Person serving Summons)

*Page 2 of 2*

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,                                     )
                                                )
        Plaintiff,                       )
                                                )
vs.                                             )        Case No. B-CJ-2021-00014
                                                )        (Judge Kelly Hake)
KIA MOTORS CORPORATION, a/k/a                   )
KIA CORPORATION,                                )
a South Korean corporation;                     )
KIA AMERICA, INC.,                              )
a California corporation;                       )
KIA MOTORS, S.A. DE C.V.; and                   )
FERGUSON ADVANTAGE IMPORTS                      )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a              )
FERGUSON SUPERSTORE,                            )
an Oklahoma Limited Liability Company,          )
                                                )
        Defendants.                      )

FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK

DEC 0 8 2021

TIME_____8:35 Am
Amanda VanOrsdol, Court Clerk

### FIRST AMENDED PETITION

COMES NOW Donna Hall (hereinafter "Plaintiff"), by and through her attorney of record,

and for her causes of action against Defendants alleges and states as follows:

1. Plaintiff is a resident of the City of Depew, Creek County, State of Oklahoma.

2. The injuries Plaintiff sustained as a result of the product liability of the Defendants

   occurred in Creek County, Oklahoma on June 18, 2019.

3. Upon information and belief, Defendant Kia Motors Corporation a/k/a Kia Corporation

   (hereinafter "Defendant KMC") is a corporation formed and existing in South Korea

   which advertises its goods for sale and/or causes its goods to be advertised for sale and

   engages in continuous and systematic business activities in Creek County, State of

   Oklahoma, as well as across the United States, including Oklahoma.

4. Upon information and belief, Defendant Kia America, Inc. f/k/a Kia Motors America,

   Inc. (hereinafter "Defendant KMA") is a California corporation which advertises its

*Petition*
*Page 1 of 9*


EXHIBIT
11

goods for sale and/or causes its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma, as well as across the United States, including Oklahoma.

5. Upon information and belief, Defendant Kia Motors S.A. De C.V. (hereinafter "Defendant KMMX") is a Mexico corporation formed and existing in Pesqueria, located in the state of Nuevo Leon, Mexico which produces automobile and automobile parts, advertises its goods for sale and/or causes its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma, as well as across the United States, including Oklahoma.

6. Upon information and belief, Defendant Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, L.L.C. d/b/a Ferguson Superstore (hereinafter "Defendant Ferguson") is an Oklahoma limited liability company which advertises its goods for sale and/or causes and requires its goods to be advertised for sale and engages in continuous and systematic business activities in Creek County, State of Oklahoma, as well as across the United States, including Oklahoma.

7. This Court has personal jurisdiction over the parties as Plaintiff resides in Creek County, Oklahoma and all Defendants deliberately engage in continuous and systematic activities in the state of Oklahoma and enjoy the benefits and protections of the laws of Oklahoma in Creek County, including the enforcement of contracts, the defense of property and intellectual property rights, and other benefits which permit the establishment and maintenance and increase of effective markets within which Defendants can sell their products and grow their business and profit therefrom. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1028-1029, 209 L.

Ed. 2d 225 (2021). Further, this State and County have a substantial and significant interest in providing its citizens, residents and those passing through with a convenient forum within which to address their grievances and seek redress for harms caused by out-of-state actors such as Defendants other than Defendant Ferguson. Additionally, this State and County have an overriding interest in enforcing their own safety regulations and laws, including, but not limited to, product liability law. *Id.* at 1030.

8. Each of the Defendants herein participated, collaborated and in concert with one another caused the release into the stream of commerce, for profit to each of the Defendants, the 2019 Kia Forte VIN 3KPF34AD4KE013564 (hereinafter "Kia") with defects unreasonably dangerous beyond the contemplation of ordinary consumers as to its manufacture and design.

9. The above-described efforts by the Defendants create a joint venture and make each Defendant liable and/or responsible for the acts and omissions of the other Defendants.

10. This Court has subject matter jurisdiction over the issues herein.

11. Venue is proper with this Court pursuant to OKLA. STAT. tit. 12, § 141(2).

12. On June 18, 2019, Plaintiff was caring for her granddaughters. Her granddaughters wanted to go swimming at Plaintiff's niece's (Diamond) house down the road, so Plaintiff gathered up sunscreen and other items for the swimming trip and then drove her Kia to her niece's house in Depew, Creek County, Oklahoma while her granddaughters walked ahead of her.

13. When Plaintiff arrived, she parked the Kia at a slightly uphill angle.

14. Plaintiff's granddaughters were shouting and cavorting about calling for Plaintiff to join them, so Plaintiff hurried out of the Kia and told her granddaughters she would be right there but had to go into the house first.

15. When Plaintiff exited the Kia, she inadvertently left the Kia running and in "Drive".

16. When Plaintiff exited the Kia, there was no audible warning to caution her or any other occupant that the Kia was running and was still in "Drive" or that any door had been opened.

17. When Plaintiff exited the Kia there was no automatic parking brake that would apply to ensure that whoever was exiting the Kia while it was in gear would not get run over and hurt by the Kia.

18. After Plaintiff went into the house to check in with Tonya, the mother of the homeowner, she came back out the front and began to walk to the pool.

19. Plaintiff then realized that she had left the sunscreen in the Kia, so she walked to the driver's side door and opened the door.

20. When Plaintiff leaned in the door to grab the sunscreen, without sitting down in the driver's seat, Plaintiff realized from the cold air blowing that she had left the Kia running.

21. At this time, there was still no audible warning to Plaintiff that the Kia was in gear ("Drive") and/or was running with a door open.

22. Plaintiff then grasped the ignition key and turned the Kia off, unaware that the Kia was still in "Drive".

23. Without warning the Kia began to roll backwards (downhill) instantly, pinning Plaintiff with the open driver's side door against the frame and door opening of the Kia.

24. Plaintiff attempted to escape from the Kia as it rolled backwards, but ultimately was knocked to the ground by the accelerating car.

25. The Kia rolled over Plaintiff, causing serious, life altering injuries for which Plaintiff was air-flighted to a hospital in Tulsa, Oklahoma.

26. Plaintiff suffered bodily injury, endured pain and suffering and had to undergo medical treatment and care due to this incident.

## FIRST CAUSE OF ACTION:

### Product Liability against all Defendants

27. Plaintiff incorporates all previous allegations herein as if fully set forth.

28. Plaintiff continues to suffer from injury, pain and suffering and has had her life forever altered by the Kia and its defective design and lack of adequate warnings of dangerous conditions that Defendants know, or should have known, are foreseeable with the Kia.

29. Plaintiff's injuries and losses are the direct and proximate result of the strict product liability of the Defendants for the inadequate and absent warnings as well as the design and manufacture of the Kia with numerous defects.

30. All Defendants, particularly Defendant Ferguson, failed to warn Plaintiff of the dangers of the Kia, which create strict liability for all Defendants, including Defendant Ferguson, under Oklahoma's product liability law.

31. What warnings were given to Defendants, including Defendant Ferguson, were inadequate to place consumers on notice of the unreasonably dangerous conditions described herein.

32. The Kia Defendants, each of them, owed a duty to Plaintiff and others to design and manufacture the Kia in such a way to not be defective and unreasonably dangerous and

avoid any unreasonably dangerous conditions caused by defective design and manufacture.

33. The Kia Defendants, each of them, owed a duty to Plaintiff and others to test their vehicles against foreseeable conditions in which the vehicles would be operated so as to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, prior to the sale, at the time of the sale and post-sale.

34. The dangerous conditions and defective designs and lack of warnings existed at the time the Kia left the control of each Defendant, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

35. Plaintiff was unaware of the defective and unreasonably dangerous condition the Kia posed and did not appreciate the danger created by the Kia.  The ordinary user or consumer would not realize the defective condition, lack of warnings and the unreasonable nature of the Kia.

36. The defects in the Kia were not apparent to Plaintiff and would not have been apparent to an ordinary user such as Plaintiff.

37. The dangerous conditions and defective designs and lack of warnings existed at the time the Kia left the control of each Defendant, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

38. Plaintiff was unaware of the defective and unreasonably dangerous condition the Kia posed and did not appreciate the danger created by the Kia.  The ordinary user or

consumer would not realize the defective condition, lack of warnings and the unreasonable nature of the Kia.

39. The defects in the Kia were not apparent to Plaintiff and would not have been apparent to an ordinary user such as Plaintiff.

## SECOND CAUSE OF ACTION:

### Negligence against all Defendants

40. Plaintiff incorporates all previous allegations herein as if fully set forth.

41. All Defendants, particularly Defendant Ferguson, owed a duty of reasonable and ordinary care to Plaintiff and others to warn of the dangers of the Kia, and all Defendants, particularly Defendant Ferguson, breached their duty to warn Plaintiff of the dangers of the Kia, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

42. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiff and others to design and manufacture the Kia in such a way to not be defective and unreasonably dangerous and avoid any unreasonably dangerous conditions caused by defective design and manufacture, and all the Kia Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

43. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiffs and others to test their vehicles against foreseeable conditions in which the vehicles would be operated so as to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, and all the Kia

Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

44. The Kia Defendants, each of them, owed a duty of reasonable and ordinary care to Plaintiffs and others to be familiar with and integrate state of the art technology and design features to prevent injuries in foreseeable conditions in which the vehicles would be operated so as to design again, guard against and warn consumers of defects and unreasonably dangerous risks the vehicles posed, and all the Kia Defendants breached said duty owed to Plaintiff, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

45. Plaintiff demands judgment against all Defendants for actual damages, all in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

46. Plaintiff further prays the jury, upon hearing all the evidence adduced and admitted at trial, award punitive damages against all Defendants for acting in reckless disregard of the rights of others and/or acting intentionally and with malice towards others, including Plaintiff, in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**WHEREFORE,** premises considered, Plaintiff demands judgment against all Defendants for actual damages in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, as well as punitive damages against all Defendants in an amount in excess that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with court costs, expenses, attorney fees and other such relief as may be equitable and just.

Respectfully submitted,

Michael D. Denton, Jr., OBA #13939
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma 73064
Telephone:    (405) 376-2212
Facsimile:    (405) 376-2262
*michael@dentonlawfirm.com*
ATTORNEY FOR PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

C:\Users\User\My Dropbox\200,000 Personal Injury - Products Liability\300-077 Hull, Dennis\Pleadings\Drafts\2021-12-07 - Amended Petition.docx

*Petition*
*Page 9 of 9*

**IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
STATE OF OKLAHOMA**

DONNA HALL,                                    )
                                               )
                  Plaintiff,                   )
                                               )
vs.                                            )        Case No. B-CJ-2021-00014
                                               )        (Judge Kelly Hake)
KIA MOTORS CORPORATION, a/k/a                  )
KIA CORPORATION,                               )        FILED IN DISTRICT COURT
a South Korean corporation;                    )        CREEK COUNTY BRISTOW OK
KIA AMERICA, INC.,                             )
a California corporation;                      )        DEC 0 8 2021
KIA MOTORS, S.A. DE C.V.; and                  )
FERGUSON ADVANTAGE IMPORTS                     )        TIME____8:35 AM
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a             )        Amanda VanOrsdol, Court Clerk
FERGUSON SUPERSTORE,                           )
an Oklahoma Limited Liability Company,         )
                                               )
                  Defendants.                  )

<u>**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE**</u>

COMES NOW Plaintiff, by and through her counsel of record, and for her *Motion to Extend Time for Service* of the Summons and Amended Petition upon Defendants as authorized by OKLA. STAT. tit. 12, § 2004(I) and in conformance with Creek County General Rule 2.10 and Rule 4(c) of the Rules for District Courts of Oklahoma shows this Court that good cause is demonstrated to grant an additional 180 days to accomplish service in that Plaintiff is pursuing service of process via the Hague Convention on the two (2) foreign corporations, one being in South Korea and the other in Mexico.

Service of Summons upon Defendants Ferguson and Kia America, Inc. can be accomplished but first the Court Clerk must issue said Summons, as all four were inadvertently not issued when presented to the Court Clerk back on June 14, 2021, although the Case Number was affixed thereto by the Court Clerk and payment was received for the same.

*Plaintiff's Motion to Extend Time for Service*
*Case No. B-CJ-2021-00014 (Judge Kelly Hake)*
*Page 1 of 3*



EXHIBIT
12

Additionally, Plaintiff has amended her Petition to correct a name for the Kia America defendant that recently underwent a formal name change through the California Secretary of State.

180 days from the date of filing this case and issuance of Summons created a date to accomplish service of process on all Defendants of Saturday, December 11, 2021, which means that by operation of OKLA. STAT. tit. 12, § 2006, the deadline is December 13, 2021. As required by Creek County Local Rule 2.10, the following is provided:

1. Summons must be served no later than **December 13, 2021,** unless extended by the Court. OKLA. STAT. tit. 12, § 2004 was amended in 2021 to provide that an action is deemed dismissed if good cause is not shown; therefore, this Application is made to show good cause prior to the deadline to accomplish service expiring.

2. **180 additional days from December 13, 2021,** are sought. That creates a **deadline of June 11, 2022,** for Plaintiff to have accomplished service of process or return to Court to show good cause.

3. Granting this Motion will not affect any other deadlines as none have been set.

4. There is no opposing counsel to confer with at this time; however, counsel for Plaintiff has reached out to two attorneys in Michigan who represent Kia in automotive product liability matters, but no response has been received.

WHEREFORE, premises considered, Plaintiff prays this Court grant this Motion and enter its Order Extending Time for Service of the Summons and Amended Petition upon Defendants until June 11, 2022, for Plaintiff to accomplish service of process or return to Court to show good cause. An Order granting the proposed relief is submitted herewith.

Respectfully submitted,

Michael D. Denton, Jr., OBA #13939
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma   73064
Telephone:      (405) 376-2212
Facsimile:      (405) 376-2262
*michael@dentonlawfirm.com*
ATTORNEY FOR PLAINTIFF

C:\Users\User\My Share\Dync\206.000 Personal Injury - Products Liability\206.077 Hall, Denese\Pleadings\Drafts\2021-12-07 - Pl's Mtn to Extend Time for Service.docx

## IN THE DISTRICT COURT OF CREEK COUNTY-BRISTOW DIVISION
## STATE OF OKLAHOMA

DONNA HALL,              )
)
      Plaintiff,       )
)
vs.                   )      Case No. B-CJ-2021-00014
)      (Judge Kelly Hake)
KIA MOTORS CORPORATION, a/k/a  )
KIA CORPORATION,      )
a South Korean corporation;   )
KIA AMERICA, INC.,     )
a California corporation;    )
KIA MOTORS, S.A. DE C.V.; and  )
FERGUSON ADVANTAGE IMPORTS  )
ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a )
FERGUSON SUPERSTORE,   )
an Oklahoma Limited Liability Company, )
)
      Defendants.    )

**FILED IN DISTRICT COURT**
**CREEK COUNTY BRISTOW OK**

**DEC 0 8 2021**

TIME_____9:02 AM
Amanda VanOrsdol, Court Clerk

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE

Comes on for hearing on this _8th_ day of December 2021, Plaintiff's *Motion to Extend Time for Service* of the Summons and Amended Petition upon Defendants. Upon review of the file and for good cause shown, Plaintiff's Motion is GRANTED.

The deadline for Plaintiff to accomplish service of the Summons and Amended Petition upon Defendants hereby extended from December 13, 2021, until June 22, 2022, or Plaintiff is ordered to show good cause why service has not been accomplished, all as contemplated by OKLA. STAT. tit. 12, § 2004(I).

IT IS SO ORDERED!

_Kelly Hake_

HONORABLE KELLY HAKE
JUDGE OF THE DISTRICT COURT

*Order Granting Plaintiff's Motion to Extend Time for Service*
*Case No. B-CJ-2021-00014 (Judge Kelly Hake)*
*Page 1 of 2*



**EXHIBIT**

**13**

APPROVED AS TO FORM:


Michael D. Denton, Jr., OBA #13939
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma  73064
Telephone:      (405) 376-2212
Facsimile:      (405) 376-2262
*michael@dentonlawfirm.com*
ATTORNEY FOR PLAINTIFF

C:\Users\User\My Documents\2021.009 Personal Injury - Products Liability\2210.877 Hall, Deona\Pleadings\Drafts\2021-12-07 - Order Granting P's Mtn to Extend Time for Service.docx

IN THE DISTRICT COURT IN AND FOR CREEK COUNTY
BRISTOW DIVISION, STATE OF OKLAHOMA

FILED IN DISTRICT COURT
CREEK COUNTY BRISTOW OK

FEB 1 0 2022

TIME 8:33 Am

Amanda VanOrsdol, Court Clerk

DONNA HALL

                  PETITIONER,

Vs.

KIA MOTOR CORP

                  RESPONDENT.

CASE NO:   B-CJ-21-14

KELLY HAKE   JUDGE

REPORTER

DATE:  2-7-22   TIME:   3:00

CAUSE COMES ON FOR:   DISPOSITION

RULING/FINDING BY COURT:

STRICKEN

☐Clerk Ordered to send file-stamped copy to:

SECRETARY/BAILIFF

CERTIFICATE OF MAILING

COPY OF THE ABOVE MINUTE WAS MAILED ON THIS _____ DAY OF _____
20_____19_____, TO ALL ATTORNEYS OF RECORD AS SHOWN ON THE CIVIL DOCKET.

DEPUTY COURT CLERK



EXHIBIT

14