# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DONNA HALL, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>1. KIA MOTORS CORPORATION, )<br>   a/k/a KIA CORPORATION, a South )<br>   Korean corporation; )<br>2. KIA AMERICA, INC., a California )<br>   corporation; )<br>3. KIA MOTORS, S.A. DE C.V.; and )<br>4. FERGUSON ADVANTAGE )<br>   IMPORTS ISUZU-SUBARU-KIA- )<br>   SUZUKI, LLC d/b/a FERGUSON )<br>   SUPERSTORE, an Oklahoma Limited )<br>   Liability Company, )<br>   )<br>   Defendants. ) | Case No. 22-cv-00080-TCK-SH<br>(*Formerly District Court of Creek County-Bristow Division, Court Case No. CJ-2021-14*) |

## PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

COMES NOW Plaintiff, by and through her counsel of record, and pursuant to 28 U.S.C. § 1447 moves the Court for an Order remanding this case to the District Court of Creek County- Bristow Division, State of Oklahoma, for further proceedings as there is no federal question asserted in this matter and diversity does not exist between the parties. Plaintiff has made sufficient allegations against Defendant Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore (hereinafter "Defendant Ferguson") under Oklahoma's liberal notice pleading standard and sufficient facts were alleged to bring a claim against Defendant Ferguson for its own liability. Therefore, Plaintiff asks this Court to remand this matter to state court as there is no proper basis for

"snap" removal in this matter. In support, Plaintiff shows this Court:

### STATEMENT OF FACTS

1. This lawsuit arises out of a defective design and lack of adequate warnings of dangerous conditions of a 2019 Kia Forte (hereinafter "vehicle") which caused a personal injury incident which occurred in Depew, Creek County, Oklahoma on June 18, 2019.
2. Plaintiff and her granddaughters wanted to go swimming at a family member's house, so they packed up for the swimming trip and drove the vehicle to a house down the road.
3. The vehicle was parked at a slight incline of the driveway.
4. Due to the kids' excitement, Plaintiff hurried out of the vehicle and the vehicle was inadvertently left running and the gear left in "drive".
5. When Plaintiff came back to get sunscreen out of the vehicle she opened the driver's side door, leaned into the vehicle and felt the cool air blowing.
6. Plaintiff realized she left the vehicle running and turned the vehicle off, unaware that the vehicle was still in "drive".
7. As Plaintiff turned off the vehicle, it immediately began rolling backwards, pinning Plaintiff with the open driver's side door against the frame and door opening of the vehicle.
8. Plaintiff was knocked to the ground by the accelerating car.
9. The vehicle rolled over Plaintiff causing serious, life altering injuries.

10. This matter was originally filed in Creek County-Bristow Division, Oklahoma, Case No. CJ-2021-14.

11. Defendant Ferguson entered its appearance in the Creek County-Bristow Division, Oklahoma, Case No. CJ-2021-14, on February 22, 2022.

12. On February 22, 2022, Defendant Kia America, Inc. (hereinafter "Defendant Kia America") filed a Notice of Removal in the District Court for the Northern District of Oklahoma asserting that removal is proper "because Ferguson has been fraudulently joined to prevent removal."

13. However, Plaintiff has alleged sufficient facts against Defendant Ferguson under Oklahoma's notice pleading standard and sued Defendant Ferguson for its own actions and inactions making removal improper in this matter.

## ARGUMENT AND AUTHORITY

There is an "overriding principle that because federal removal jurisdiction is statutory in nature, it is strictly construed." *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 755-56 (10th Cir. 2004) (*See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). A Defendant seeking removal bears a heavy burden of proving fraudulent joinder warranting disregard of citizenship of allegedly fraudulently joined defendants in assessing whether diversity jurisdiction exists, and all factual and legal issues must be resolved in favor of plaintiff. *Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013). The burden of establishing removal jurisdiction falls on the party in support of removal, which is strictly construed against

removal. *Garvin Agee Carlton, P.C. v. Brent W. Coon, P.C.*, No. CIV-18-1053-D, 2019 WL 2136473, at *2 (W.D. Okla. May 16, 2019). If the defendants fail to carry their burden, the case must be remanded to the state court from which it was removed. *Id.* Defendant Kia America has failed to meet its burden in this matter in this matter and this case should be remanded to state court.

It is well established that federal courts are courts of limited jurisdiction. "They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. Neither of the circumstances exist here. As admitted by Defendant Kia America, Defendant Ferguson is an Oklahoma limited liability company and despite its assertions of fraudulent joinder, the facts of this matter support this case being remanded to state court for further proceedings. Absent any proof that any member of Defendant Ferguson is a resident of another state removal cannot lie.

In its Notice of Removal, Defendant Kia America claims that Plaintiff fraudulently joined Defendant Ferguson because Plaintiff alleges products liability and negligence claims against Defendant Ferguson in only the most general conclusory terms and without any facts to support an independent claim against Defendant Ferguson. Let us unpack Defendant Kia America's allegation. Oklahoma is a notice pleading state which means only a "short and plain statement of the claim showing that the pleader is entitled to relief" is required to properly state a claim. OKLA. STAT. tit. 12, § 2008. Since this action was

originally filed in state court, this liberal pleading standard applied to Plaintiff's Amended Petition. Morevoer, notwithstanding the liberal standard under Oklahoma law, Plaintiff made particular and specific allegations against Defendant Ferguson, specifically stating:

> 30. All Defendants, particularly Defendant Ferguson, failed to warn Plaintiff of the dangers of the Kia, which create strict liability for all Defendants, including Defendant Ferguson, under Oklahoma's product liability law.
>
> 37. The dangerous conditions and defective designs and lack of warnings existed at the time the Kia left the control of each Defendant, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.
>
> 41. All Defendants, particularly Defendant Ferguson, owed a duty of reasonable and ordinary care to Plaintiff and others to warn of the dangers of the Kia, and all Defendants, particularly Defendant Ferguson, breached their duty to warn Plaintiff of the dangers of the Kia, and said breach of duty was the proximate cause of Plaintiff's injuries and losses.

These allegations differ from those made generally against the remaining Defendants which are categorized by referencing "The Kia Defendants" instead. The assertion that Plaintiff failed to make specific and particular claims against Defendant Ferguson is disproven by a simple reading of Plaintiff's First Amended Petition.

Defendant Kia America next asserts that Plaintiff failed to state that she purchased the subject vehicle from Defendant Ferguson. This belies the plain language of Plaintiff's

First Amended Petition wherein Plaintiff alleged that "[e]ach of the Defendants herein participated, collaborated and in concert with one another caused the release in to the stream of commerce, for profit to each of the Defendants, the [subject vehicle] . . ." Plaintiff is unsure what Defendant Kia America assumed the allegation meant besides that very point, but it is clear that Plaintiff asserted that Defendant Ferguson participated in releasing the vehicle into the stream of commerce, and the only way possible for that is if Ferguson sold the vehicle.  Asking this Court to analyze Plaintiff's First Amended Petition in any other fashion is akin to suggesting the Court swallow a camel while it strains at a gnat.. This Court (nor Plaintiff) is not bound by Defendant Kia America's characterizations of Plaintiff's claims outlined in the forty-six (46) paragraphs of her Amended Petition and any factual and legal issues which Defendant Kia America asserts exists in Plaintiff's Amended Petition must be resolved in Plaintiff's favor.

As outlined by Defendant Kia America in its Notice of Removal, there are several ways in which Plaintiff has the possibility of recovery against Defendant Ferguson under Oklahoma law. Addressed in more detail below, under Oklahoma law, a dealer has independent duties in warning individuals about the dangerous propensities of the vehicles sold and can be held liable for express warranties made -when the vehicle was sold.

Plaintiff's allegations brought in her First Amended Petition against Defendant Ferguson state a "short and plain statement of the claim showing that the pleader is entitled to relief" and are satisfactory to establish a cause of action against it in state court, therefore Defendant Kia America's first argument fails. However, should this Court find that

Plaintiff did not plead sufficient detail in her First Amended Petition, Plaintiff should be permitted to amend her Petition to assert the specific relief under Oklahoma law. *See* FED. R. CIV. PRO, R. 15 (a)(2) ("[L]eave to amend 'shall be freely given when justice so requires.").

Second, Defendant Kia America argues that Plaintiff has no possibility of recovery against Defendant Ferguson and moves on to an Oklahoma statute which outlines all the ways in which Plaintiff may assert a product liability action against a non-manufacturing seller. In this case, more than one of the listed exceptions apply, specifically:

> 2. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

and

> 6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

OKLA. STAT. tit. 76, § 57.2 (E). As alleged in Plaintiff's Amended Petition, the manufacturer is a South Korean corporation. Even if Plaintiff was to obtain a judgment against the manufacturer, she is very likely to face severe difficulties and uncertainties in any efforts made toward enforcing such a judgment against a foreign, South Korean corporation.

As previously stated, under the Oklahoma notice pleading requirement, Plaintiff's Petition outlines sufficient facts to allege both of these exceptions and further discovery is needed for facts supporting each allegation, but should this Court decide that supporting

assertions are needed, Plaintiff asks this Court allow her leave to amend her Petition to conform with this Court's standard.

Finally, Defendant Kia America moves on to show this Court the very basis for Plaintiff naming Defendant Ferguson in this action- failure to warn. The statute referenced by Defendant Kia America, OKLA. STAT. tit. 76, § 57.2 (G) outlines:

> G. A product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:
> 1. The product seller sold the product involved in such action;
> 2. The product seller did not exercise reasonable care:
> a. in assembling, inspecting, or maintaining such product, or
> b. in passing on warnings or instructions from such product's manufacturer about the dangers and proper use of such product; and
> 3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

As previously stated, and admitted by Defendant Kia America, in her Amended Petition Plaintiff alleged that:

> 30. All Defendants, particularly Defendant Ferguson, failed to warn Plaintiff of the dangers of the Kia, which create strict liability for all Defendants, including Defendant Ferguson, under Oklahoma's product liability law.

Plaintiff's allegations are in line with the cited statute and under the notice pleading standard of the Oklahoma State Courts, satisfy asserting a claim against Defendant Ferguson. Defendant Kia America then focuses on a scrivener's error made in Paragraph 31 of Plaintiff's Amended Petition, which is obvious from the context of the allegation made. Defendant Kia America claims that:

In fact, Plaintiff alleges that those warnings and instructions were defective from Kia as presented to Ferguson and Plaintiff, demonstrating in the affirmative that Plaintiff received the manufacturer's warnings and instructions from Ferguson. (*See* Pet. ¶¶ 30-31, 41).

However, Plaintiff's Amended Petition was intended to state that what warnings were given **by** Defendants, including Defendant Ferguson, were inadequate to place consumers on notice of the unreasonably dangerous conditions described in her Amended Petition. Once again, should this Court see it necessary, Plaintiff respectfully asks this Court to grant her leave to amend her Petition to make the necessary correction.

As previously mentioned, "Defendant seeking removal bears a heavy burden of proving fraudulent joinder . . . and all factual and legal issues must be resolved in favor of plaintiff." *Dutcher v. Matheson*, *supra*. Defendant Kia America has not shown that Plaintiff has no possibility of recovery against Defendant Ferguson, but to the contrary, has shown the Court that Oklahoma Statutes permit many opportunities for such recovery. Since all factual and legal issues must be resolved in Plaintiff's favor, based on the facts presented this matter should be remanded back to Oklahoma State Court for further proceedings.

## **CONCLUSION**

Defendant Kia America has the burden of proving that removal is proper in this matter and the burden is strictly construed against removal. Here, Defendant Kia America has failed to show that Plaintiff's pleadings did not allege sufficient facts to state a claim against Defendant Ferguson under the liberal notice pleading standard of the Oklahoma State Courts where this matter was initially filed. Further, Defendant Kia America has not

shown that Plaintiff could not recover against Defendant Ferguson in this matter, therefore removal is not proper and this matter should be remanded to state court for further proceedings.

WHEREFORE, premises considered, Plaintiff prays this Court grant its Motion to Remand and remand this matter to state court and for all relief this Court deems equitable and just. In the alternative, Plaintiff prays this Court grant leave for Plaintiff to amend her First Amended Petition to more specifically please the allegations against Defendant Fowler and hold in abeyance any ruling on Plaintiff's Motion to Remand and permit Plaintiff to supplement this Motion with the filed amended Complaint.

Respectfully submitted,

*s/Michael D. Denton, Jr.*
Michael D. Denton, Jr., OBA #13939
Austin C. Walters, OBA #33363
DENTON LAW FIRM
925 West State Highway 152
Mustang, Oklahoma   73064
Telephone:   (405) 376-2212
Facsimile:   (405) 376-2262
*michael@dentonlawfirm.com*
*austin@dentonlawfirm.com*
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rodney L. Cook, OBA #10253
Evan G. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.

324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone:   (405) 235-7700
Facsimile:    (405) 239-6651
*rodney.cook@crowedunlevy.com*
*evan.vincent@crowedunlevy.com*
ATTORNEYS FOR DEFENDANT
KIA AMERICA, INC.


Randall E. Long, OBA #22216
Rebecca L. Newman, OBA #30898
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
Telephone:   (918) 582-1173
Facsimile:    (918) 592-3390
rlong@rhodesokla.com
rnewman@rhodesokla.com
ATTORNEYS OF DEFENDANT
FERGUSON ADVANTAGE IMPORTS
ISUZU-SUBARU-KIA-SUZUKI, LLC
D/B/A FERGUSON SUPERSTORE

*s/ Michael D. Denton, Jr.*