# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

1. DONNA HALL, an individual,

   Plaintiff,

v.

1. KIA MOTORS CORPORATION, a/k/a KIA CORPORATION, a South Korean corporation;
2. KIA AMERICA, INC., a California corporation;
3. KIA MOTORS, S.A. DE C.V.; and
4. FERGUSON ADVANTAGE IMPORTS ISUZU-SUBARU-KIA-SUZUKI, LLC d/b/a FERGUSON SUPERSTORE, an Oklahoma Limited Liability Company,

   Defendants.

Case No. 22-cv-00080-TCK-SH

(Removed from the District Court of Creek County–Bristow Division, Oklahoma, formerly Case No. CJ-2021-14)

## DEFENDANT KIA AMERICA, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff's Motion to Remand provides no valid basis for an independent claim against Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore ("Ferguson"). Ferguson's sole involvement in this case is that it sold the car involved in Plaintiff's accident. Oklahoma law prohibits products liability and negligence claims against a seller with such limited involvement, and Plaintiff has presented no evidence or allegations that place her claims outside that prohibition. Accordingly, Ferguson should be disregarded as a party and Plaintiff's Motion to Remand should be denied.

This is an automotive products liability lawsuit that arises from a single-vehicle incident involving a 2019 Kia Forte VIN 3KPF34AD4KE013564 (the "subject vehicle"). Plaintiff alleges that the subject vehicle failed to alert her that it was still in drive when she removed the key and that this lack of warning caused her to be rolled over by the vehicle

after she removed the key. Plaintiff's First Amended Petition includes causes of action for strict products liability and negligence against all Kia Defendants and the auto dealership, Ferguson. Plaintiff does not allege any specific action or inaction by Ferguson, as her allegations of a design defect and failure to warn are made in blanket statements against all named defendants.

Under these allegations Ferguson is statutorily immune from liability pursuant to 76 O.S. § 57.2. Under 76 O.S. § 57.2, non-manufacturing sellers of products cannot be held liable for products liability unless one of the specific exceptions apply. Commonly known as Oklahoma's "innocent seller" statute, 76 O.S. § 57.2 was adopted to limit the liability of non-manufacturing product sellers, especially where the product's manufacturer is actively engaged in the litigation and stands ready and able to satisfy a potential judgment against it.

Similarly, 76 O.S. § 57.2(G) limits the circumstances in which a plaintiff can bring a cause of action against a non-manufacturing seller based on negligence by enumerating an exclusive list of four factors, none of which Ferguson is alleged to have violated. Plaintiff's First Amended Petition makes a failure to warn negligence claim against all defendants, including Ferguson, but the clear language of the statute carves out an exception only for *a failure to pass along manufacturer warnings*. 76 O.S. § 57.2(G)(2)(b). This specific exception is not alleged in Plaintiff's First Amended Petition and is not addressed in Plaintiff's Motion to Remand.

Kia America timely removed this matter from the District Court of Creek County on the basis that Plaintiff fraudulently joined in-state defendant Ferguson. Ferguson is an

Oklahoma Limited Liability Company, which allegedly sold the subject vehicle to Plaintiff. None of the other named defendants are Oklahoma Citizens.

This court has diversity jurisdiction because the factual allegations in the First Amended Petition against Ferguson have no possibility of recovery under Oklahoma law. Ferguson should accordingly be dismissed from this action and the case should proceed in this Court.

### RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

Kia America admits that this matter was originally filed in Creek County-Bristow Division, Oklahoma, Case No. CJ-2021-14 and that Kia America filed a Notice of Removal in the District Court for the Northern District of Oklahoma asserting that removal is proper because Ferguson has been fraudulently joined to prevent removal. (*See* Doc. No. 11, Motion to Remand at p. 2,3). Kia America denies the remainder of Plaintiff's Statement of Facts and further asks the Court to look solely at the factual allegations included in Plaintiff's First Amended Petition to analyze Kia America's Notice of Removal and Plaintiff's Motion to Remand.

### LEGAL STANDARD

Federal subject matter jurisdiction exists where a defendant can show all non-diverse defendants were fraudulently joined, complete diversity exists among the remaining parties and the amount in controversy is satisfied. *Rains v. CSAA Fire & Cas. Ins. Co.*, 20-CV-0400-CVE-FHM, 2020 WL 6729084, *4 (N.D. Okla. Nov. 16, 2020) (citing *American Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional

3

allegations are fraudulent and made in bad faith; or (2) ***plaintiff has no possibility of recovery against the non-diverse defendant***. *Gellner v. Progressive N. Ins. Co.*, No. 21-CV-0401-CVE-JFJ, 2021 WL 5789146, at *2 (N.D. Okla. Dec. 7, 2021) (citing *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006)).

"In determining whether there is any possibility of recovery, courts may 'pierce the pleadings, consider the entire records, and determine the basis of joinder by any means available.'" *Wagoner v. Hussey Seating Co.*, 13CV-352-TCK-PJC, 2013 WL 6048853, *2 (N.D. Okla. Nov. 4, 2013) (citing *Smoot v. Chicago, R.I. & P. R. Co.*, 387 F.2d 879, 882 (10th Cir. 1967) (internal citations omitted)). Ultimately, the Court must determine whether there is a "reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Rains*, 2020 WL 6729084 at *4-5 (citing *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006)).

While Kia America acknowledges its burden to establish fraudulent joinder, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and a court "need not accept as true those allegations that are conclusory in nature." *Ashcroft v. Iqbal*, 557 U.S. 662, 678 (2009); *Curl v. Lytal*, 20-CV-032-JFH-JFJ, 2020 WL 8362812, at *1 (N.D. Okla. Dec. 1, 2020) (citing *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). The factual averments against Ferguson prove that no cause of action could potentially succeed against

it. Therefore, Ferguson's citizenship should be disregarded for purposes of diversity jurisdiction and removal.

## ARGUMENT AND AUTHORITY

I. **PLAINTIFF CANNOT RECOVER AGAINST FERGUSON FOR PRODUCTS LIABILITY UNDER OKLAHOMA'S INNOCENT SELLER STATUTE.**

Plaintiff's First Amended Petition alleges products liability and negligence claims against Ferguson in only the most general, conclusory terms and without any facts to support an independent claim against Ferguson. Plaintiff does not allege that Ferguson was involved with the design or manufacture of the subject vehicle. Plaintiff likewise makes no allegations that Ferguson performed any maintenance or took any other action with respect to the vehicle. Further, nowhere in any of Plaintiff's submissions does Plaintiff allege that Ferguson was negligent in "passing on warnings or instructions from [the] product's manufacturer." 76 O.S. § 57.2(G)(2)(b).

The First Amended Petition also makes no allegations of any act or failure to act by Ferguson that is separate and distinct from Plaintiff's claims against the Kia Defendants. (*See* Pet. ¶¶ 28-44).

Oklahoma law states that a products liability action ***may not*** be asserted against a non-manufacturing seller unless one of six exceptions is applicable:

1. The product seller exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the product that caused the alleged harm for which recovery of damages is sought; or

2. The product seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or

3. The product seller made an express warranty as to such product independent of any express warranty made by a manufacturer as to such product, such product failed to conform to the product seller's warranty, and the failure of such product to conform to the warranty caused the harm complained of by the claimant; or

4. The claimant is unable, despite a good-faith exercise of due diligence, to identify the manufacturer of the product; or

5. The manufacturer is not subject to service of process under the laws of the state; or

6. The court determines that the claimant would be unable to enforce a judgment against the manufacturer.

76 O.S. § 57.2(E).

This Court has interpreted 76 O.S. § 57.2(E) as "add[ing] a new element" to a product liability action against a nonmanufacturing product seller. *Farmers Ins. Co. v. Big Lots, Inc.*, No. 15-cv-97-GKF-PJC, 2015 WL 5943447 at *3 (N.D. Okla. Oct. 13, 2015); *see also Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 21, 271 P.3d 88, 96 (stating "[a] product liability action may be based on a theory of negligence liability or strict product liability"). In *Shelton v. Sha Ent., LLC*, No. 20-cv-644-D, 2020 WL 6389858 at *2 (W.D. Okla. Oct. 30, 2020), the Western District of Oklahoma granted a non-manufacturing seller's motion to dismiss because plaintiffs' petition "contain[ed] no factual allegations that would place [the seller]'s conduct into one of the exceptions enumerated in § 57.2(E)." Likewise, Plaintiff here has failed to allege any facts that would place Ferguson's conduct into one of the enumerated exceptions. (*See* Pet. ¶¶ 12-26).

Plaintiff additionally has no possibility of recovery for negligence under 76 O.S. § 57.2(G), which provides that "[a] product seller other than a manufacturer is liable to a claimant on the basis of negligence if the claimant establishes that:

6

1. The product seller sold the product involved in such action;

2. The product seller did not exercise reasonable care:

   a. In assembling, inspecting, or maintaining such product, or

   b. In *passing on warnings or instructions from such product's manufacturer* about the dangers and proper use of such product; and

3. Such failure to exercise reasonable care was a proximate cause of the harm complained of by the claimant.

76 O.S. § 57.2(G). As to section (b), which reflects the "failure to warn" requirement for negligence, Plaintiff's First Amended Petition alleges only a conclusory statement that Ferguson, along with the other named defendants, was negligent in failing to warn Plaintiff of the dangers of the Kia vehicle. (*See* Pet. ¶¶ 30-31, 41). There is no allegation that Ferguson failed to provide the manufacturer's warnings or instructions as required under section (b) of 76 O.S. § 57.2(G)(2). In fact, Plaintiff alleges that those warnings and instructions were defective from Kia as received by Plaintiff, demonstrating in the affirmative that Plaintiff received the manufacturer's warnings and instructions from Ferguson:

> 34. The dangerous conditions and defective designs and lack of warnings existed *at the time the Kia left the control of each Defendant*, including Defendant Ferguson and each Defendant knew, or should have known, of the dangerous conditions, defects and lack of warning thereof.

(*See* Pet. ¶¶ 34).

Plaintiff's Motion to Remand wrongly suggests that Ferguson has an independent duty to warn individuals about dangerous propensities of vehicles sold. Plaintiff provides no Oklahoma authority for such an independent duty. (*See* Motion to Remand at 6). Instead, Plaintiff directs the Court back to section (b) of 76 O.S. § 57.2(G)(2), which does not

7

prescribe a "failure to warn" products liability cause of action against a seller, but instead limits liability to a "failure to pass along warnings." Plaintiff does not dispute this clear language and does not attempt to make any allegation that Ferguson failed to pass along manufacturer warnings. (*See* Motion to Remand). In fact, Plaintiff ignores this language entirely.

Plaintiff's Motion requests the Court allow her to fix an alleged scrivener's error in her petition, stating that the warnings given "***by*** Defendants," instead of "***to*** Defendants," were inadequate to place consumers on notice of the unreasonably dangerous conditions described herein. (*See* Motion to Remand at 9). This proposed language does not change the fact that Plaintiff alleges the defective warnings and instructions existed at the time the subject vehicle left the control of Kia, notwithstanding any act or failure to act by Ferguson.

Plaintiff's Motion to Remand also wrongly suggests that at the pleading stage the Court must read into her First Amended Petition any possible claim for negligence that could result against Ferguson, even if such claim was not plead. The Court is under no such obligation as it is not the Court's job to guess at what Plaintiff claims she might have meant. The Court's role is to evaluate the allegations Plaintiff actually made, and that evaluation is informed by the propositions that "[t]he tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and a court "need not accept as true those allegations that are conclusory in nature." *Ashcroft v. Iqbal*, 557 U.S. 662, 678 (2009); *Curl v. Lytal*, 20-CV-032-JFH-JFJ, 2020 WL 8362812, at *1 (N.D. Okla. Dec. 1, 2020) (citing *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001)). Under the applicable law, conclusory allegations alone, without

supporting factual averments, are insufficient to state a claim upon which relief may be granted. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Plaintiff accordingly has no possibility of recovery against Ferguson under 76 O.S. § 57.2(E) and (G). Ferguson's citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795.

**II.    PLAINTIFF'S REQUEST TO AMEND HER PETITION FAILS AS HER CLAIMS FOR BREACH OF WARRANTY AND INABILITY TO RECOVER ARE NOT ALLEGED IN PLAINTIFF'S FIRST AMENDED PETITION AND ARE UNSUPPORTED BY ANY FACTS PLED.**

Plaintiff's Motion to Remand also focuses on two additional theories of recovery against Ferguson, breach of express warranty and an inability to enforce judgment against Kia Motors Corporation. Neither of these claims were pled in Plaintiff's First Amended Complaint, nor are they supported in any way by the factual allegations.

Plaintiff's First Amended Petition only includes claims against Ferguson for strict products liability and negligence, which 76 O.S. § 72.2 (G) clearly governs. "Post-removal filings may not be considered ... when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *5 (E.D. Okla. May 1, 2020) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). This rule is consistent with the case law, holding that "the propriety of removal is judged on the complaint as it stands at the time of the removal," and that events subsequent to removal cannot defeat jurisdiction once it has

attached. *Hicks*, 2020 WL 2104928 at *5 (citing *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) (internal quotation omitted)), *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). In general, a district court can consider an amended pleading that restates or amplifies a claim that existed at the time of removal, but not one that manufactures new theories. *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *5 (E.D. Okla. May 1, 2020) (citing *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911 (10th Cir. 2006)).

Plaintiff seeks to invoke the express warranty exception under 76 O.S. § 57.2(E)(3) for the first time in her motion to remand. This exception applies when a product seller made an express warranty as to such product independent of any express warranty made by the manufacturer. (*See* Motion to Remand at 7). Plaintiff's citation to this exception reveals the weakness of her argument against removal. Plaintiff has not brought a claim for breach of warranty against Ferguson. The First Amended Petition includes no factual allegations that a warranty as to the subject vehicle was given by Ferguson or what damages this alleged breach of warranty caused. *Id*.

Plaintiff's citation to another exception is likewise without merit. Plaintiff cites to 76 O.S. § 57.2(E)(6), which allows claims against dealers in the event a court determines a judgment against a manufacturer would be unenforceable. (*See* Motion to Remand at 7). Plaintiff asserts that the manufacture of the subject vehicle is a South Korean company and she is likely to face difficulties recovering against a foreign company, but ignores the fact

10

that Kia America is a corporation domiciled in California, has answered in this matter and is actively defending against Plaintiff's claims. (*See* Motion to Remand at 7).

Plaintiff reveals her desperation by relying on these two exceptions, and she offers no substance as to why they justify remand. Plaintiff's Motion to Remand merely states that "Plaintiff's Petition outlines sufficient facts to allege both of these exceptions and further discovery is needed for facts supporting each allegation." (*See* Motion to Remand at 7). This type of "file first and then hope to find support in discovery" argument was expressly rejected by the Eastern District of Oklahoma in *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, at *5.

In *Hicks*, the plaintiff filed claims for tortuous interference with contract and civil conspiracy against the improperly joined defendant, but did not discover the existence of documents upon which the claims were based, until after filing suit. *Id*. at *6. The Eastern District of Oklahoma found that if the plaintiff's new theories would be based on alleged facts, unknown to the plaintiff when the allegedly improper defendant was joined, then amendment is not proper, as these facts could not have formed the basis for the plaintiff's joinder decision. *Id*.

Plaintiff is making the same argument that was rejected in *Hicks*, as neither the express warranty or unenforceable judgment theories are referenced or included in Plaintiff's Amended Petition and Plaintiff is admitting that factual proof can only be obtained via the discovery process. These new theories are thus inherently based on facts unknown to Plaintiff at the time of filing her First Amended Petition. They do not make Ferguson a valid defendant in this matter.

## **CONCLUSION**

For the above-stated reasons, Defendant Kia America, Inc., requests the Court enter an order (1) finding that Ferguson Advantage Imports Isuzu-Subaru-Kia-Suzuki, LLC d/b/a Ferguson Superstore was fraudulently joined as a defendant in this matter, (2) finding that complete diversity exists between Plaintiff and non-fraudulently joined defendant Kia America, and (3) denying Plaintiff's Motion to Remand.

    s/Evan G.E. Vincent
Rodney L. Cook, OBA # 10253
Evan G.E. Vincent, OBA #22325
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
rodney.cook@crowedunlevy.com
evan.vincent@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT
KIA AMERICA, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 14, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a notice of Electronic Filing to the following ECF registrants:

    Michael D. Denton, Jr.
    Austin C. Walters
    DENTON LAW FIRM
    925 West State Highway 152
    Mustang, Oklahoma 73064
    michael@dentonlawfirm.com
    austin@dentonlawfirm.com
    **COUNSEL FOR PLAINTIFF**

                                                    s/Evan G.E. Vincent
                                                    Evan G.E. Vincent